**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**EARVIN LEE BROWN,**

                **Plaintiff,**

       **v.**                                                      9:04-CV-0774
                                                                               (NAM)(RFT)

**DEPARTMENT OF CORRECTIONAL SERVICES,**

                **Defendant.**

APPEARANCES:                                      OF COUNSEL:

EARVIN LEE BROWN
Plaintiff, *pro se*
96-B-1762
Sullivan Correctional Facility
Box AG, Riverside Drive
Fallsburg, New York 12733

OFFICE OF THE ATTORNEY GENERAL      DAVID FRUCHTER, Esq.
State of New York                                 Assistant Attorney General
The Capitol
Albany, New York 12224
Counsel for Defendants

**Hon. Norman A. Mordue, Chief District Judge:**

### MEMORANDUM-DECISION and ORDER

### INTRODUCTION

       Plaintiff Earvin Lee Brown, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), filed this action against DOCS in July, 2004. By his amended complaint, plaintiff alleges that he has been denied reasonable accommodations for his visual impairment and otherwise discriminated against in the conditions of his confinement on the basis of his disability. Dkt. No. 8.

       Presently before the Court is plaintiff's motion seeking injunctive relief and the appointment of counsel. Dkt. No. 25. The defendant has filed papers in opposition to plaintiff's motion for injunctive

relief. Dkt. No. 33. Defendant takes no position on plaintiff's counsel motion. *Id*., Affirmation of David Fruchter at ¶ 3.

## DISCUSSION

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, the party seeking the injunction must show a threat of irreparable injury if the injunction is not granted and either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (internal quotes omitted). Where, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief sought, the injunction sought is properly characterized as mandatory rather than prohibitory. A party seeking a mandatory injunction must make a "clear" or "substantial" showing of the likelihood of success, as well as irreparable harm should the injunction not be granted. *See id.* at 473-74.

By his motion, plaintiff sets forth a litany of complaints regarding the defendant's alleged failure to accommodate his visual impairment. Dkt. No. 25. Upon review, it appears to the Court that the crux of the motion is plaintiff's claim that DOCS should be directed to provide him with a "talking computer bookreader"[1] for his personal use in his cell. *Id*. at 6. In addition, by a supplemental affidavit in support of his motion, plaintiff seeks an order directing DOCS to insure that plaintiff is able to appear and meaningfully participate in scheduled court appearances. Dkt. No 27 at 2.

In opposition to plaintiff's motion, DOCS has submitted the affidavit of Peter Cohen, a

---

[1] Known as a Sensorially Disabled Program Computer and Scanner, this equipment allows material to be scanned in, viewed in large typeface and read back aloud. Dkt. No. 33, Affidavit of Peter Cohen (Cohen Aff.") at ¶ 7.

Resource Room Teacher at Sullivan Correctional Facility. Cohen states that he is certified by the State of New York as a Teacher of Students with Visual Impairments, and has worked at Sullivan since September, 2001. Cohen Aff. at ¶¶ 1, 2. Cohen sets forth in his affidavit a listing of the various items of accommodation provided to visually impaired inmates at Sullivan, including plaintiff. *Id*. at ¶ 7. Among these resources is a SDP (Sensorially Disabled Program) Computer and Scanner. *Id*.

Cohen also notes that plaintiff was evaluated by a low vision specialist in March, 2006. *Id*. at ¶ 8. The report of that evaluation notes that plaintiff's vision has "decreased," and recommends access to "voice activated technology such as computer scanner bookreader with full audio-voice output." *Id.* at ¶ 8. According to Cohen, Sullivan Correctional Facility has submitted a request to DOCS to obtain a **second** SDP Computer and Scanner to augment the resources presently available at that facility. *Id*. at ¶ 9. Cohen further states that due to security concerns, the SDP Computer and Scanner cannot be placed in any inmate's cell. *Id*. at ¶ 10.

Upon review of the record in this action, the Court finds that plaintiff has failed to demonstrate that he is likely to suffer irreparable harm if the requested injunctive relief is not granted. "The mere possibility of harm is not sufficient: the harm must be imminent and the movant must show he is likely to suffer irreparable harm if equitable relief is denied." *Brown v. Middaugh*, 1998 WL 566791, *1 (N.D.N.Y. Sept. 3, 1998) (Munson, D.J.) (citations omitted). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). "Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages." *Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief). Moreover, an inmate alleging a denial of access to the courts must show actual injury as a result of the deficient access to the courts. *Lewis v. Casey*, 518 U.S. 343

(1996). The cause of the injury must be the inadequacy of the access. *Id.* at 351. *Cole v. Artuz*, 2000 WL 760749, \*5 (S.D.N.Y. June 12, 2000) *quoting Lewis v. Casey*, 518 U.S. 343, 343 (1995).

In this case, while plaintiff claims to be a litigant in several pending actions, he has not identified any legal action in which he claims to have suffered any actual harm. To date, plaintiff has effectively litigated this action including most recently, the preparation of discovery requests. The Court also finds that plaintiff has not made the required showing of a probability of success on the merits or sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of plaintiff. Plaintiff has not provided any evidence that the items of technological accommodation currently available to him at Sullivan are insufficient or inadequate to his needs. The mere fact that plaintiff's access to these items is subject to restrictions of time and place does not establish that the accommodations provided are unreasonable.

Plaintiff also seeks an order of this Court directing DOCS to make reasonable accommodations in order that plaintiff will be able to attend and participate in court appearances. Dkt. No. 27. Plaintiff does not claim that any court appearances have been schedule in any pending action nor does he present any evidence which even suggests that he would not be able to attend and participate in any such proceedings.

Based upon the foregoing, the Court finds that plaintiff has failed to establish either of the elements required for the issuance of an injunction and his motion is denied.

Plaintiff has also filed a renewed motion for the appointment of counsel. Dkt. No. 25. Plaintiff first counsel motion was denied by Order of Magistrate Judge Randolph Treece. Dkt. No. 21. Magistrate Judge Treece determined that appointment of counsel was not warranted on the present record, and advised plaintiff that a renewed motion should be filed only on the basis of specific changed circumstances. *Id.* By his renewed motion, plaintiff has not complied with this direction but,

4

instead, reiterates his claim that counsel should be appointed to represent him because his disability makes it difficult for him to investigate his claims and otherwise engage in litigation.

Upon due consideration, the Court denies plaintiff's motion. On the present record, it does not appear that plaintiff has been unable to effectively litigate his claims. Moreover, while plaintiff's limitations may make certain tasks more time-consuming, those needs can easily be accommodated in the management of pretrial proceedings in this action and do not themselves warrant the appointment of counsel. Similarly, plaintiff's desire to receive assistance from an attorney rather than from other inmates is not grounds for the appointment of counsel.

## CONCLUSION

It is therefore

**ORDERED**, that plaintiff's motion for a preliminary injunction (Dkt. No. 25) is denied, and it is further

**ORDERED**, that plaintiff's renewed motion for the appointment of counsel (Dkt. No. 25) is denied, and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated: July 13, 2006
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge