**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EARVIN LEE BROWN,**

                    **Plaintiff,**

      v.                                          9:04-CV-0774
                                                               (NAM)(RFT)

**DEPARTMENT OF CORRECTIONAL**
**SERVICES,**

                    **Defendant.**
_____

APPEARANCES:                                       OF COUNSEL:

EARVIN LEE BROWN
Plaintiff, *pro se*
96-B-1762
Sullivan Correctional Facility
Box AG, Riverside Drive
Fallsburg, New York 12733

OFFICE OF THE ATTORNEY GENERAL            DAVID FRUCHTER, Esq.
*Counsel for Defendants*
State of New York
The Capitol
Albany, New York 12224

**NORMAN A. MORDUE, Chief U.S. District Judge**

**MEMORANDUM-DECISION and ORDER**

      By Memorandum-Decision and Order of this Court filed July 13, 2006, the motion filed by plaintiff Earvin Lee Brown for injunctive relief and the appointment of counsel was denied. Dkt. No. 35 (the "July Order"). Presently before this Court is a motion from plaintiff seeking reconsideration of the July Order.

      A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925

(N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

By his motion for reconsideration, which is directed primarily to the denial of his request for injunctive relief, plaintiff contends that the Court's analysis of his motion was erroneous due to the Court's reliance upon affidavit testimony submitted on behalf of the defendants regarding the accommodations provided to visually impaired inmates at Sullivan Correctional Facility, where plaintiff is incarcerated.[1]  Plaintiff contends that this affidavit was not accurate, and reasserts his belief that he is being denied reasonable accommodation for his disability and that preliminary injunctive relief should be granted directing defendants to provide him with a "talking computer bookreader"[2] for his personal use in his cell.  Dkt. No. 37 at 1-2.[3]

Upon review of the file, including plaintiff's motion and supporting exhibits,[4] the Court finds that the requests for injunctive relief and appointment of counsel were properly denied and that plaintiff has not established that reconsideration of the July Order is necessary to prevent manifest injustice. The fact that plaintiff disagrees with the Court's decision does not warrant reconsideration thereof.

**WHEREFORE**, it is hereby

---

[1] Defendants submitted an affidavit from Peter Cohen, a Resource Room Teacher at Sullivan.  See Dkt. No. 33.

[2] Known as a Sensorially Disabled Program Computer and Scanner, this equipment allows material to be scanned in, viewed in large typeface, and read back aloud.  Dkt. No. 33, Affidavit of Peter Cohen (Cohen Aff.") at ¶ 7.

[3] Plaintiff does not claim that there has been an intervening change in the controlling law or that new evidence not previously available has come to light.

[4] Plaintiff submitted eighty-nine pages of supporting exhibits.

**ORDERED**, that plaintiff's motion for reconsideration of the July Order (Dkt. No. 37) is denied, and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated: December 14, 2006
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge